**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EUGENE SCALIA,SECRETARY OF LABOR, | : | |
| UNITED STATES DEPARTMENT OF LABOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| R&R PRODUCE, INC., d/b/a R&R PRODUCE, | : | |
| and RAYMOND RICHARDSON, individually, | : | |
| and as owner and corporate officer of the | : | |
| aforementioned corporation, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor

("Plaintiff") brings this action to enjoin R&R PRODUCE, INC., a corporation, d/b/a R&R

PRODUCE, and RAYMOND RICHARDSON, individually, and as a manager, owner, and

corporate officer of the aforementioned corporation, (collectively, "Defendants"), from violating

the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of

1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in

the total amount of back wage compensation found by the Court to be due to any of the

employees of Defendants pursuant to the Act and an equal amount due to the employees of

Defendants in liquidated damages.

      1.     Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29

U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

      2.     Defendant R&R PRODUCE, INC., d/b/a R&R PRODUCE, is a corporation duly

organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 3556 East Thompson Street, Philadelphia, PA, 19134. Defendant is engaged in the sales of produce, plants and flowers at 2300 Cottman Avenue, Philadelphia, PA, 19149, 2344 East Allegheny Avenue, Philadelphia, PA, 19134 and 6950 Bristol Emilie Road, Levittown, PA 19057, within the jurisdiction of this court.

3.     Defendant Raymond Richardson is the president and owner of the corporation identified in Paragraph 2 with an address of 6950 Bristol Emilie Road, Levittown, PA 19057. Raymond Richardson has directed employment practices and has directly or indirectly acted in the interest of R&R Produce, Inc., in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day.

4.     The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5.     At R&R Produce, Inc., Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including produce, plants and flowers. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of R&R Produce, Inc., are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6.     Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing persons in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least January 18, 2016, through at least January 13, 2019, Defendants improperly paid employees a net weekly salary regardless of the number of hours worked.  Employees were paid a weekly salary that, based on the number of hours they worked, resulted in an hourly wage of less than $7.25 per hour.

7.     Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least January 18, 2016, through at least January 13, 2019, Defendants failed to compensate their employees who worked over 40 hours in a workweek one and one-half times their regular rate. Workweeks for many of these employees ranged from approximately 40 to approximately 60 hours, but these employees did not receive time and one-half their regular rate for their overtime hours.

8.     Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their

employees. Specifically, Defendants failed to maintain time and payroll records for all employees and failed to maintain contact information for former employees.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of January 18, 2016, through at least January 13, 2019, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after January 13, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam F. Welsh
Regional Counsel

Ryan C. Atkinson
NJ BAR ID: 01342007

U.S. Department of Labor
Office of the Solicitor, Region III
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5132
215-861-5162 (fax)
Atkinson.ryan.c@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
U.S. Department of Labor